UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VIRGIL GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00882-JPH-MPB |
| | ) |
| C. EVANS, et al. | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Sixth Amended Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

On November 18, 2019, the plaintiff filed a sixth amended complaint. Dkt. 109. The plaintiff, Virgil Griffin, is an inmate currently incarcerated at Pendleton Correctional Facility ("PCF"). Dkt. 109. Because Mr. Griffin is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

### I. Screening of the Complaint

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. Plaintiff's Complaint**

Mr. Griffin brings this case under 42 U.S.C. § 1983. He names several defendants: 1) Case Work Manager Chad Evans; 2) Dr. Ciemone Easter-Rose; 3) Mental Health Specialist Perdue; 4) Lieutenant Ernest; 5) Sergeant Holmes; 6) Dr. Talbot; 7) Director of Nursing Stephens; 8) Nurse Moore-Groves; 9) Correctional Officer Fish; 10) Nurse Walker; 11) Lieutenant McCutcheon; 12) Sergeant Sarten; and 13) Wexford Health. He seeks injunctive relief and monetary damages.

Mr. Griffin alleges that, on February 11, 2019, inmate Ryan Eslick stabbed him with a "spear." Dkt. 109 at 6. This occurred while Mr. Eslick was in the shower and Mr. Griffin was passing by the shower. Mr. Griffin alleges that, prior to this incident, Mr. Eslick had warned Lieutenant Ernest, Mental Health Specialist Perdue, and Dr. Easter-Rose that he would assault people and continue to escalate his assaults until he was provided appropriate mental health treatment. Mr. Griffin further alleges that Sergeant Holmes knew that Mr. Eslick needed to shower separately because he had previously assaulted another inmate with urine and feces and that Case Work Manager Evans was aware of the threat posed by Mr. Eslick through incident reports, conduct reports, and classification paperwork.

After the incident, Sergeant Holmes notified Nurse Moore-Groves of Mr. Griffin's injuries, but Nurse Moore-Groves said she could not provide any treatment without a doctor's orders. The next day, February 12, 2019, Dr. Talbot conducted doctor visits but refused to see Mr. Griffin because he was not on the list. Mr. Griffin then spoke with Mr. Evans, Sergeant Sarten, and Lieutenant McCutcheon about receiving medical treatment. Later that same day, Dr. Talbot

evaluated Mr. Griffin and recommended a tetanus shot, antibiotics, and a blood draw to determine whether Mr. Griffin had contracted any contagious diseases. Mr. Griffin alleges that Dr. Talbot, Lieutenant McCutcheon, and Sergeant Sarten told him to get ready to go to the infirmary, but Sergeant Sarten failed to take him.

On February 13, 2019, Mr. Griffin complained to Nurse Stephens, and she said she would send someone "later in the week to do blood draws and tetanus shots/lab work." Dkt. 109 at 11. Mr. Griffin submitted a complaint form the next day about the failure to provide the tetanus shot, and he alleges that "an infection had set in." Dkt. 109 at 12.

Five days after the incident, on February 16, 2019, after more complaints about the alleged denial of medical care, Nurse Walker indicated she would leave instructions for the nighttime medical staff to provide treatment to Mr. Griffin. Nurse Moore-Groves administered a tetanus shot to Mr. Griffin on February 17, 2019. She warned him that it might not be effective because it was not given within forty-eight hours of the incident and that it would hurt. Mr. Griffin alleges that the shot caused "deep bone and nerve pain" and that another nurse advised him that the pain might be caused by the tetanus shot being given "too close to the bone." Dkt. 109 at 12-14. Mr. Griffin asserts that the allegedly deficient medical treatment he received is because Wexford has a policy of denying and delaying medical treatment so as to lower the cost of medical treatment.

Mr. Griffin also alleges that on February 18, 2019, during a chronic care visit with Dr. Talbot and while complaining about the lack of medical treatment for his injury from the incident with Mr. Eslick, Dr. Talbot raised false allegations that Mr. Griffin had been smoking. Dr. Talbot then threatened to shake-down Mr. Griffin and his cell. He contends the threatened shake down was in retaliation for his complaints about the medical care he received.

3

Mr. Griffin outlines two other alleged retaliatory events that occurred after he initiated this action: (1) on March 6, 2019, someone woke him up by banging on his cell wall and then yelled that he should stop filing lawsuits; and (2) he was one of two inmates who was strip searched and subjected to a shake down in April 2019. Dkt. 109 at 23-24. Mr. Griffin does not, however, identify who was responsible for these allegedly retaliatory acts.

**C. Analysis**

Applying the screening standard to Mr. Griffin's complaint, some claims are dismissed while other claims shall proceed.

1. **Officer Fish**

Although Mr. Griffin identifies Correctional Officer Fish as a defendant, he makes no factual allegations against Officer Fish. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lille v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Because there are no factual allegations against Correctional Officer Fish, any and all claims against this defendant are **dismissed for failure to state a claim upon which relief can be granted**.

2. **Failure to Protect**

Mr. Griffin's Eighth Amendment failure to protect claims **shall proceed** against defendants Case Work Manager Evans, Lieutenant Ernest, Mental Health Specialist Perdue, Dr. Easter-Rose, Sergeant Holmes.

### 3. Deliberate Indifference

Mr. Griffin's Eighth Amendment deliberate indifference claims relating to his medical treatment **shall proceed** against Lieutenant McCutcheon, Sergeant Sarten, Dr. Talbot, Nurse Moore-Groves, Nurse Walker, and Director of Nursing Stephens.

### 4. *Monell* Claims

Mr. Griffin's Eighth Amendment policy claim against Wexford Health **shall proceed**.

### 5. Retaliation

Mr. Griffin alleges three incidents of retaliation: 1) false allegations of smoking made by Dr. Talbot on February 18, 2019; 2) loud banging on his cell wall and yelling on March 6, 2019; and 3) strip search and shakedown in April 2019.

As noted above, Mr. Griffin does not identify any individuals who engaged in the alleged retaliatory acts in March and April 2019. Specifically, he does not allege that any of the individuals named as defendants in this action committed these acts. Consequently, the retaliation claims related to the March 2019 incident and the April 2019 incident are **dismissed for failure to state a claim upon which relief can be granted**.

Mr. Griffin's retaliation claim against Dr. Talbot **shall proceed**.

### 6. Negligence

In the sixth amended complaint, Mr. Griffin seeks to assert negligence claims under the Indiana Tort Claims Act. These claims **shall proceed**.

### 7. Breach of Contract

Mr. Griffin also seeks to add claims of breach of contract. "It is well settled that '[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach.'"

*Morris v. Crain*, 71 N.E.3d 871, 880 n.5 (Ind. Ct. App. 2017) (citing *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007)). Mr. Griffin has not alleged that a contract existed between him and any of the defendants. Therefore, these claims are **dismissed for failure to state a claim upon which relief can be granted**.

## II. Directing Answer

Counsel for Case Work Manager Evans, Dr. Easter-Rose, Mental Health Specialist Perdue, Lieutenant Ernest, Sergeant Holmes, Dr. Talbot, Director of Nursing Stephens, Nurse Moore-Groves, Nurse Walker, Lieutenant McCutcheon, Sergeant Sarten, and Wexford Health have already filed an appearance. These defendants shall have **through January 6, 2020,** to file an Answer or other responsive pleading to the sixth amended complaint.

## III. Summary

In summary, all claims against Correctional Officer Fish are **dismissed**. The plaintiff's retaliation claims related to incidents in March 2019 and April 2019 are **dismissed**. The plaintiff's breach of contract claims are **dismissed**.

Mr. Griffin's Eighth Amendment failure to protect claims **shall proceed** against Case Work Manager Evans, Dr. Easter-Rose, Mental Health Specialist Perdue, Lieutenant Ernest, and Sergeant Holmes.

Mr. Griffin's Eighth Amendment deliberate indifference to a serious medical need claims **shall proceed** against Dr. Talbot, Director of Nursing Stephens, Nurse Moore-Groves, Nurse Walker, Lieutenant McCutcheon, and Sergeant Sarten.

Mr. Griffin's Eighth Amendment policy claim against Wexford Health **shall proceed**.

Mr. Griffin's retaliation claim against Dr. Talbot **shall proceed**.

Finally, Mr. Griffin's state law claim of negligence **shall proceed** against Case Work Manager Evans, Dr. Easter-Rose, Mental Health Specialist Perdue, Lieutenant Ernest, Sergeant Holmes, Dr. Talbot, Director of Nursing Stephens, Nurse Moore-Groves, Nurse Walker, Lieutenant McCutcheon, Sergeant Sarten, and Wexford Health.

The **clerk is directed** to terminate Correctional Officer Fish as a defendant on the docket.

**SO ORDERED.**

Date: 12/9/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VIRGIL GRIFFIN
998996
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Matthew Stephen Koressel
INDIANA ATTORNEY GENERAL
matthew.koressel@atg.in.gov

Sarah Jean Shores
INDIANA OFFICE OF THE ATTORNEY GENERAL
sarah.shores@atg.in.gov

Jordan Michael Stover
INDIANA ATTORNEY GENERAL
jordan.stover@atg.in.gov